UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHERICE DAWN KLIPFEL,<br><br>Defendant. | Case No. 1:18-cr-00371-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Cherice Dawn Klipfel's Motion for Early Termination of Probation (Dkt. 6). For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

On June 22, 2018, Ms. Klipfel was convicted following a jury trial of assault by striking and beating her son while on an aircraft, in violation of 18 U.S.C. § 113(a)(4) and 49 U.S.C. § 46506. The offense is a misdemeanor, and her trial and conviction were in the U.S. District Court for the District of Utah.

The following is a summary of testimony during Ms. Klipfel's trial, which was provided in the Government's sentencing memorandum:

> During the course of an airplane flight from Boston to Salt Lake City, the defendant repeatedly struck her young child on his head,

punched him in the chest, audibly and violently slammed his head against the plane's bulkhead, kicked him, and at one point wrapped his head in a coat and shook him violently while telling him to go to sleep. Various parts of this were witnessed visually or orally by five different persons on the plane: Courtney Prince, who was seated next to the defendant and witnessed most of the conduct; Debra Christensen and Fayth Christensen (seated across the aisle), who witnessed the episode with the coat; Nadyra Primm, the flight attendant who heard J.C.H. cry out when the defendant forcibly grabbed his face over a bag of Cheez-its, and was alarmed enough to turn around; and Joanna Villafane, seated in front of J.C.H., who heard him say to the defendant "Get off me. You're hurting me," and saw the defendant holding him down.

      Ms. Prince and Ms. Debra Christensen were alarmed enough by what they saw and heard that they alerted other flight attendants. No witness observed any misbehavior by J.C.H., other than a possible isolated incident of manipulating the plane's window shade. No other witness corroborated the defendant's testimony that the victim was unruly and scratched the defendant or tried to bite her. Ms. Prince specifically denied observing any such conduct or hearing any expressions of pain by the defendant. In contrast, she specifically described making eye contact with the victim and believing he was asking for help. The defendant had physical injuries in the form of bruising and abrasions on his face and shoulder, which were photographed after he got off the plane. He later gave an unprompted admission to the State of Utah Social Worker that those injuries were caused by the defendant, and has told the Court in writing that "I was very scared when my <u>MOM</u> hurt me on the plane!"

(Dkt 7-1 (footnotes that cite to the trial transcript omitted).)

On October 1, 2018, Ms. Klipfel was sentenced to 36 months of probation, with probation to end on September 30, 2021. On December 11, 2018, jurisdiction was transferred to District of Idaho. (Dkt. 1.)

**MEMORANDUM DECISION AND ORDER - 2**

On October 1, 2020, Ms. Klipfel filed a motion for early termination of probation in the District of Utah. *See United States v. Klipfel*, Case No. 2:17-cr-00746-EJF, Dkt. 154. Ms. Klipfel withdrew her motion the following day, conceding that the District of Utah lacked jurisdiction. *See id.* at Dkt. 157. On February 4, 2021, Ms. Klipfel filed her motion for early termination of probation in this district. In her motion, she seeks early termination of her probation to allow her to move to Maine (where her son lives) "in the spring while the weather is warm."

Although the Probation Office has not taken a position regarding Ms. Klipfel's motion, the Government opposes the motion. (Dkts. 7, 8.) The Government also represents that the victim opposes early termination.

The Court notes, in addition, that there is a no contact order in place regarding contact between Ms. Klipfel and her son. The no contact order was apparently issued by a family court in Maine, where J.C.H. resides. The no contact order apparently initially prohibited all contact between Ms. Klipfel and her son. However, that no contact order was modified in July 2020 to provide: "Defendant may send gifts to [J.C.H.]. Her name can be on them so he knows who they came from. All packages are to be sent (in care of [S.H.])." (Dkt. 9-1.) The Court assumes S.H. is J.C.H.'s father, with whom J.C.H. is residing. Plaintiff represents

that the family court in Maine has informed her that "for the Court to vacate the existing no contact order, Ms. Klipfel should move to be physically closer to her son."

## DISCUSSION

Because Ms. Klipfel was convicted of a misdemeanor offense, the Court may, after considering the factors set forth in § 3553(a), "terminate a term of probation previously ordered and discharge the defendant at any time . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1). The § 3553(a) factors the Court must consider include,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other rehabilitation treatment; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

The Court, having considered these factors, is not persuaded that early termination of probation is warranted. *See* § 3583(e)(1). The Court acknowledges

**MEMORANDUM DECISION AND ORDER - 4**

that Ms. Klipfel has performed well on probation and she is to be commended for her work in volunteering at local charitable organizations (the local animal shelter and St. Vincent de Paul Catholic thrift store), helping neighbors and friends in need, and voluntarily continuing with mental health counseling beyond that required by probation. The Court does not, however, find that Ms. Klipfel's behavior justifies early termination. Performing well is what is expected of defendants on supervision. The probation officers are there to help defendants do precisely what Ms. Klipfel has done: put their lives back on track and become contributing members of society. This Court has repeatedly concluded that performing well – even exceedingly well – on supervision is not enough to justify early termination. Even taking into account Ms. Klipfel's desire to be physically closer to her son, the Court does not find that this case is an exception in that regard and will therefore deny the pending motion.

## ORDER

**IT IS ORDERED** that Defendant Cherice Dawn Klipfel's Motion for Early Termination of Probation (Dkt. 6) is **DENIED**.

DATED: March 4, 2021

B. Lynn Winmill
U.S. District Court Judge